IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

ADA ANGLEMEYER, ET AL.          :
                                :        No. 22-2788
                                :
        Plaintiff-Appellants    :
                                :
            v.                  :
                                :
CRAIG AMMONS, ET AL.            :
                                :
                                :
        Defendant-Appellees     :

---

APPELLANTS' REPLY BRIEF
_____

APPEAL FROM THE JUDGMENT OF
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

No. 5:19-CV-3714
THE HONORABLE JOHN M. YOUNGE
DISTRICT JUDGE
_____

April 17, 2023                  Caleb Kruckenberg
                                Brian Zeiger
                                Levin & Zeiger, LLP
                                1500 JFK Blvd Suite 620
                                Philadelphia PA 19102

                                *Counsel for Plaintiff-Appellants*

# TABLE OF CONTENTS

TABLE OF CONTENTS ...............................................................................II

TABLE OF AUTHORITIES............................................................... III

INTRODUCTION....................................................................................1

ARGUMENT .............................................................................................3

  I. THIS COURT MUST CREDIT APPELLANTS' VERSION OF
  EVENTS AND REMAND FOR A JURY'S FACT-FINDING................3

  II. THE OFFICERS USED EXCESSIVE FORCE IN VIOLATION OF
  THE FOURTH AMENDMENT'S PROHIBITION ON
  UNREASONABLE SEIZURES ...........................................................4

    A. The Officers Do Not Dispute That They Violated Ada and Mr.
    Kluska's Constitutional Rights...........................................................6

    B. The Officers Used Excessive Force Against Jeffrey and Richard..7

  II. THE OFFICERS ARE NOT ENTITLED TO QUALIFIED
  IMMUNITY ...........................................................................................12

    A. The Officers Have Not Discharged Their Burden of Showing
    Entitlement to Qualified Immunity..................................................12

    B. The Officers Used Excessive Force...............................................13

    C. The Constitutional Violations Were Clearly Established ...........14

CONCLUSION ......................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................. 3

*Beers-Capitol v. Whetzel*, 256 F.3d 120 (3d Cir. 2001) ........................... 14

*Brosseau v. Haugen*, 543 U.S. 194 (2004) .............................................. 18

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ......................................... 3

*Couden v. Duffy*, 446 F.3d 483 (3d Cir. 2006) ................................. passim

*District of Columbia v. Wesby*, 138 S. Ct. 577 (2018) ........................... 17

*Graham v. Connor*, 490 U.S. 386 (1989) .................................................. 5

*Hope v. Pelzer*, 536 U.S. 730 (2002) ...................................................... 18

*Jacobs v. Cumberland Cnty.*, 8 F.4th 187 (3d Cir. 2021) ................. 18, 20

*Jutrowski v. Township of Riverdale*, 904 F.3d 280 (3d Cir. 2018) 8, 9, 10, 11

*Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002) ..................................... 21

*Rivas v. City of Passaic*, 365 F.3d 181 (3d Cir. 2004) ............................. 5

*Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002) ......................... 9, 11, 21

*United States ex rel. Schmidt v. Zimmer, Inc.*, 386 F.3d 235 (3d Cir. 2004) ................................................................................................. 15

### INTRODUCTION

Plaintiff-Appellants Ada Anglemeyer, Richard C. Anglemeyer, Jeffrey Anglemeyer and Joseph Kluska were all attacked without provocation by Appellees, Officers Mark Benson, Vincente Lopez, Clinton Painter, Robert McGarvey, and Matthew Wysocky. But that's putting it far too mildly.

Appellants were asleep as more than 40 officers in combat gear literally broke into their home just after 6:00 a.m. to serve a search warrant. They weren't the target of the warrant, but were instead innocent bystanders. Yet the officers went on the attack immediately. Officer Painter attacked Ada, an unarmed 76-year-old woman who stood only 5'2," with a ballistic shield as she merely stepped out of her bedroom in her nightgown. Without warning, or any resistance from Ada, he smashed his shield into her face, breaking her teeth and spine in the process. Richard, who was then 80 and had been married to Ada for more than 60 years, thought the commotion was because his house was on fire—not that he was under attack by the police. As he stood in his own living room Officer Benson hit him in the face with a flashlight. Jeffrey stood in his underwear in his kitchen when Officer McGarvey threw him

to the ground, and, once his arms were bound behind his back, struck him, along with Officer Lopez, for no reason other than apparent malice. And Officer Wysocky pulled Mr. Kluska out of bed, bound his arms behind him, and then gratuitously lifted him by his arms and tore muscles and tendons in his shoulders.

The district court granted summary judgment for the officers, but only by crediting conflicting testimony in the officers' favor. Indeed, confronted with testimony that the attacks were truly unprovoked, the district court instead adopted the officers' own exculpatory denials as the correct version of events. But summary judgment cannot be premised on such weighing of the evidence.

In their brief, Appellees hardly defend the judgment below. They generically insist that their actions were "reasonable," but they completely ignore the facts they find inconvenient. Indeed, not *once* in their brief do they confront the facts alleged by Appellants, preferring instead to stick to their own exculpatory accounts. This is not the way to resolve factual disputes. This case must be remanded for trial.

## ARGUMENT

## I. THIS COURT MUST CREDIT APPELLANTS' VERSION OF EVENTS AND REMAND FOR A JURY'S FACT-FINDING

As a threshold matter, Appellees maintain that this Court need not credit the facts set out by Appellants because of the "somewhat atypical" "posture of this appeal." Appellee's Br. at 22. As this Court obviously knows, an appeal from a grant of summary judgment is hardly atypical. The standard is so well-known as to become rote: A reviewing court looks to the entire record when considering a motion for summary judgment, and must always read the facts in the non-movant's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 n. 2 (1986). In so doing, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

To the extent the officers set forth their own self-serving accounts, and then claim such facts foreclose relief as a matter of law, it gets the standard exactly backward. *See* Appellee's Br. at 22. Indeed, that's the precise error the trial court made, and one that the officers fail even to mention. Applying the correct standard, there's little doubt that this case should be remanded for a *jury's* factual determinations.

3

## II. THE OFFICERS USED EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT'S PROHIBITION ON UNREASONABLE SEIZURES

On the merits of the Fourth Amendment claims, Appellees largely pretend to be confused by the issues. They say, "The basic premise underlying this litigation appears to be that plaintiffs were law-abiding citizens, so the police had no right to barge into their residence in the wee hours of the morning and – warrant or no warrant – had no business restraining them physically during the ensuing search of the premises (causing, or at least risking, significant physical injuries)." Appellee's Br. at 24. And then, after marching through irrelevant discussions of whether the search itself was lawful, Appellees finally mention the relevant question—whether their actions were "reasonable" when they attacked Appellants without provocation. Appellee's Br. at 27.

This case is a straightforward example of unconstitutionally excessive force, and the relevant legal standard, the "objective reasonableness" of the officers' conduct, is well-known. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). The officers' observation that they might have had the authority to serve the warrant at issue doesn't

4

change the fact that they didn't have free rein to violently attack everyone inside the house.

Moreover, while this Court's excessive force cases are well-established, Appellees' efforts to discount many of the salient cases are downright bizarre. For instance, Appellees claim that "[b]ecause the instant case arose in the context of the execution of a search warrant – as opposed to the apprehension of a criminal suspect – some of the *Graham/Rivas* benchmarks for analyzing reasonableness are not directly applicable," and assert, without any support, that this Court should ignore "the severity of the crime at issue, whether the suspect poses an immediate threat to the officer(s), and 'whether he is resisting arrest or attempting to evade arrest by flight.'" Appellee's Br. at 27, 27 n. 14 (quoting *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004)). This is a puzzling assertion as the case Appellees cite, *Rivas*, 365 F.3d at 198, lists precisely these factors as things to keep in mind concerning the use of force. More significantly, as will be discussed later, it is well established by this Court that a police officer's unprovoked attack on a "cooperative and unarmed subject" is excessive. *Couden v. Duffy*, 446 F.3d 483, 497 (3d Cir. 2006).

## A. The Officers Do Not Dispute That They Violated Ada and Mr. Kluska's Constitutional Rights

Tellingly, Appellee's make no effort to defend their actions with respect to Ada and Mr. Kluska. They say, breezily, that Ada "suffered physical injuries" and "Mr. Kluska claims to have been injured," when they were attacked by the officers, calling them factual "developments." Appellee's Br. at 31. Bear in mind though that there's no dispute that, among her injuries, Ada's teeth were broken and one of her vertebrae was fractured, while Mr. Kluska's rotator cuff was torn. App. Vol. II at 203, 217. Keeping with their dismissive arguments, Appellees say, "It does not follow that those developments amounted to violations of Ada's and Mr. Kluska's Fourth Amendment rights by defendant Painter and defendant Wysocky, respectively." Appellee's Br. at 32. But then they never explain why not. The reason for this is that attacking a cooperative and unarmed 76-year old woman in her home without warning is obviously forbidden by the Fourth Amendment. *See Couden*, 446 F.3d at 497. So is taking a handcuffed and non-resisting person and gratuitously wrenching his shoulders until his tendons tear. *See id.*

## B. The Officers Used Excessive Force Against Jeffrey and Richard

The officers do try to contest the Fourth Amendment violations they committed against Jeffrey and Richard, but these efforts again fall flat. First, the officers insist that they are entitled to hide behind their great numbers, and that Jeffrey and Richard have not identified which of their numbers is *most* to blame. They say that "the claims of both of these plaintiffs falter in light of this Court's decision in *Jutrowski v. Township of Riverdale*, 904 F.3d 280 (3d Cir. 2018), as the district court noted (See ECF No. 62, at 18, 19)." Appellee's Br. at 29.

For Jeffrey, Appellees state, with no elaboration, that "[b]y concentrating on three possible wrongdoers (*see* Brf., at 32-35), Jeffrey unquestionably attempted to do what *Jutrowski* prohibits." Appellee's Br. at 29. But this Court has expressly refused to adopt such an absolute holding insulating multiple defendants when any one of them could have been the primary perpetrator of a civil rights violation. In *Jutrowski* this Court surveyed a variety of its precedents concerning the need to prove an officer's personal involvement in a civil rights violation, and drew the distinction between a victim who cannot establish "the *possibility* of each officer's participation," and thus can't prevail, with one who simply faces

a "dispute about the *extent* of each officer's participation," which can only be resolved by a jury. 904 F.3d at 291 (cleaned up, emphasis in original). At the summary judgment stage, even when a victim "is not sure that [certain officers] participated in the beating at all," but alleges they were present, such "testimony is sufficient to create a genuine issue of material fact as to each of those defendants." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002).

The officers' argument also fails under its own weight, as Jeffrey specifically identified the three officers who attacked him. Officer McGarvey admitted he was the one who threw Jeffrey to the ground. App. Vol. II at 159, 166-67. Officer Schimp agreed. App. Vol. II at 221. Officer Lopez then admitted he "secured flex cuffs" on him, and Jeffrey meanwhile testified that the man who cuffed him—Officer Lopez—was the one who wrenched his shoulders and slapped him while he was handcuffed. App. Vol. II at 80, 220. These aren't "possible wrongdoers"— they are the officers who admitted using force on Jeffrey. The only question, the "*extent* of each officer's participation," is up to a jury to decide. *See Jutrowski*, 904 F.3d at 291 (emphasis in original).

For Richard, Appellees primarily attempt to dispute the veracity of witness accounts, which is, yet again, an improper argument at this stage of the case. The officers say, "Richard, on the other hand, tried to zero in on one defendant (Benson) but that was not a viable approach, because other officers were also in the vicinity when he allegedly was hit by a flashlight." Appellee's Br. at 29. It surely *was* a "viable" approach, as it established credible evidence that Officer Benson struck Richard in the face with a flashlight for no reason at all. Officer McGarvey and Officer Lopez established that they took down Jeffrey in the kitchen, and agreed that the man they attacked wasn't a "senior citizen." App. Vol. II at 159-61, 164, 166-67, 221. By contrast, Officer Schimp confirmed that it was Officer Benson who attacked Richard near the fireplace, because while Officer McGarvey was continuing to assault Jeffrey in the kitchen, Officer "Benson was dealing with another male" in "the next room." App. Vol. II at 221. That "next room" was the living room, where Richard said he was assaulted. App. Vol. II at 51, 53. Thus the evidence reveals that it was Officer Benson who attacked Richard with his flashlight.

The officers' argument ignores these inconvenient facts, and must fail as a result. Having "other officers … in the vicinity" of Officer

Benson's attack on Richard just shows that there were *witnesses*; it hardly absolves Officer Benson of culpability. This Court has rejected Officer Benson's precise argument, reversing summary judgment against officers who "were in the vicinity at some point when [the plaintiff] alleges he was beaten," because the "extent of each officer's participation is [] a classic factual dispute to be resolved by the fact finder." *Smith*, 293 F.3d at 650. And this Court reaffirmed *Smith*'s holding in *Jutrowski*. 904 F.3d at 290-91.

On the merits of reasonableness, and the specific facts in dispute, Appellees respond with a flippant assertion, "In context, and measured against the demanding legal standards articulated in *Graham* and its progeny, being hit by a flashlight in the midst of a complicated and somewhat chaotic judicially-authorized, multi-officer operation would not, in and of itself, rise to the level of a Fourth Amendment violation [.]" Appellee's Br. at 29-30. With no further elaboration, Appellees conclude that "whatever force may have been utilized to restrain Jeffrey and Richard cannot be deemed unreasonable under the specific, high-risk, fast-unfolding circumstances the defendants confronted." Appellee's Br. at 30.

Appellees simply ignore the Anglemeyers' arguments that the district court improperly resolved disputed facts *against* them. Crediting their testimony, as this Court must, there was no doubt the officers' conduct was unlawful. Jeffrey was 55 years-old at the time, and obviously unarmed as he was wearing only his underwear, when he took a few steps into his own kitchen, before he was "clothes-lined" by an officer, who then "threw [him] down on [his] hands and knees." App. Vol. II at 66, 75, 77. While on his hands and knees, pleading with the officers not to hurt his elderly parents, an officer said, "Shut up," put his boot on the back of Jeffrey's neck and forced him to the ground, where he put his knees into Jeffrey's back and zip-tied Jeffrey's hands behind his back, while another officer slapped him in the jaw. App. Vol. II at 77. Richard, who was 80 at the time, was simply standing near a fireplace in his own home, when Officer Benson ran up to him, hit him in the head with an object, grabbed him by the neck, strangled him, and then knocked him to the ground. App. Vol. II at 51, 53. Such unprovoked attacks are plainly impermissible. *See Couden*, 446 F.3d at 497.

## II. THE OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

### A. The Officers Have Not Discharged Their Burden of Showing Entitlement to Qualified Immunity

Faced with how obviously improper their use of force was, the officers' last resort is to seek refuge in qualified immunity. But, curiously, they assert that while the district court declined to rule on whether the rights at issue were clearly established, they insist that this Court *must* rule on that issue, *and* claim that Appellants are somehow foreclosed from challenging the issue. Indeed, since Appellants noted in their opening brief that this Court ordinarily will not pass on issues not decided by a lower court, the officers say, "With this assertion, plaintiffs have effectively waived any right they might otherwise have to critique the district court's qualified immunity conclusions or respond to defendants' qualified immunity contentions at this stage." Appellee's Br. at 22.

The officers' argument is preposterous. The burden to establish both elements of qualified immunity rests with the defendant claiming its protection. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 142 n.15 (3d Cir. 2001). And the district court declined to rule on the clearly-established

prong of qualified immunity, which means that, at this stage, they have not discharged their burden to show that defense. App. Vol. I at 13-15. Yet, in the interests of completeness, Appellants argued both prongs in their opening brief, and have every right to do so now.

After all, this Court *could* rule on both parts of the relevant test. It simply *may* decide that it "is more appropriate" to limit its analysis to "the specific ground cited by the District Court for dismissing" the case. *See United States ex rel. Schmidt v. Zimmer, Inc.*, 386 F.3d 235, 245 n. 13 (3d Cir. 2004). Either way, the judgment should be reversed.

## B. The Officers Used Excessive Force

With the officers' irrelevant detour into appellate procedure aside, the qualified immunity analysis is remarkably simple. First, Appellee's qualified immunity discussion with respect to Richard and Jeffrey is essentially meaningless. Appellees just repeat the plainly false conclusion that "the defendants did not violate Jeffrey's or Richard's Fourth Amendment rights at all," so "the qualified immunity inquiry need go no further with respect to them." Appellee's Br. at 31. As discussed, the unprovoked attacks on both men were clearly unlawful. *See Couden*, 446 F.3d at 497. Meanwhile, for Ada and Mr. Kluska, the

officers don't even bother to challenge whether constitutional violations occurred, likely because such violations were so obvious. *See* Appellee's Br. at 32.

## C. The Constitutional Violations Were Clearly Established

The officers' arguments on the clearly-established prong ignore the relevant case law almost entirely. Appellees insist though that they shouldn't have to account for their unprovoked violence on any of the appellants because it wasn't clearly established that they couldn't heap such abuse on them. This is almost insulting to the dedicated police officers who would never dream of the actions at issue in this case.

To get to their argument, Appellees define the right at stake "as the right of all occupants of a residence on a 60-acre parcel of land, being searched by numerous law enforcement officers pursuant to a duly issued search warrant, to avoid any direct interaction with any officers, or possible physical injury, during a complex, court-authorized search for evidence of criminal activity." Appellee's Br. at 33. With that ungainly right so defined, Appellees say, "The use of force is not categorically proscribed. For defendant Painter and defendant Wysocky to assert physical control over Ada and Mr. Kluska, respectively, was

constitutionally permissible under all the circumstances and not contrary to clearly established federal law, despite any possible physical injuries that may have ensued." Appellee's Br. at 33

Appellees' argument has no bearing on the case before this Court. Obviously, the right at issue here is not some abstract prohibition on physical control during a search of a home. It is, as Appellees concede elsewhere, whether the officers were reasonable in their use of force against Appellants. And "[t]he factors relevant to the excessive force analysis are well-recognized[.]" *Couden*, 446 F.3d at 497.

"Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (citation omitted). "Of course, in an obvious case, these standards can 'clearly establish' the answer, even without a body of relevant case law." *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004). "Sometimes an officer can receive fair warning if 'a general constitutional rule already identified in the decisional law ... appl[ies] with obvious clarity to the specific conduct in question, even though 'the very action in question has [not] previously been held unlawful.'" *Jacobs*

*v. Cumberland Cnty.*, 8 F.4th 187, 196 (3d Cir. 2021) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). The question ultimately is whether "[a]ny reasonable officer would have known" his actions "were unlawful under this set of facts." *Id.* at 197.

Thus, in Ada's case, the question at issue was whether Officer Painter acted reasonably when he attacked Ada with his ballistic shield when she was unarmed, compliant, outnumbered and he gave her no forewarning. To say that it was clearly established that Officer Painter used excessive force is something of an understatement. In *Couden v. Duffy*, 446 F.3d 483, 497 (3d Cir. 2006), this Court held that it was clearly established in 2001 that forcibly restraining "a cooperative and unarmed subject," with handcuffs, drawn weapons and mace, particularly where the suspect was outnumbered by police, was so excessive that "a reasonable officer would not have believed that the level of force used … was legal under the circumstances." Compare those principles with this case. Ada was still in her nightclothes and merely took a single step out of her bedroom before Officer Painter "hit [her] in the face, and [she] just flew backwards flat on [her] back." App. Vol. II at 30. She was emphatic that Officer Painter never announced his presence, much less gave her

16

commands or warnings before breaking her teeth and her spine with his ballistic shield. App. Vol. II at 31.

These same principles no doubt apply for the attacks on Jeffrey and Richard. Jeffrey was also attacked without provocation, and then gratuitously assaulted once he was already restrained. App. Vol. II at 66, 75, 77. For Richard, Officer Benson just ran up to him and smashed him in the face with a flashlight before strangling him, all without provocation. App. Vol. II at 51, 53.

This leaves only Mr. Kluska. Appellees apparently make no argument beyond their blanket suggestion that anything goes whenever they think the situation is "complex." Appellee's Br. at 33. But again, the question is whether Officer Wysocky's gratuitous infliction of force *after* he zip-tied Mr. Kluska was excessive.

It is obvious, and long-since has been clearly established, that officers may not "gratuitously" inflict violence on a person "who has already been subdued or incapacitated." *Jacobs*, 8 F.4th at 197 (cleaned up). Indeed, "the specific conduct here—striking a physically restrained and nonthreatening [person]—was clearly unlawful under the precedent

17

of this Court and our sister circuits." *Id.*[1] Courts apply the "clear and obvious principle that once an arrest has been fully secured and any potential danger or risk of flight vitiated, a police officer cannot employ [] severe and unnecessary force[.]" *Lee v. Ferraro*, 284 F.3d 1188, 1200 (11th Cir. 2002). To put it another way, inflicting violence on "someone who is handcuffed behind his back and under the control" of the police "is repugnant to the conscience of mankind." *Smith*, 293 F.3d at 649 (citation omitted).

Officer Wysocky's gratuitous assault of Mr. Kluska once he was already restrained was precisely the kind of "repugnant" conduct that was obviously unlawful when it occurred. While Mr. Kluska was immobilized and completely nonresistant, Officer Wysocky picked Mr. Kluska up by his wrists, lifted him off the ground, "ripped" muscles in his shoulders, and then gratuitously dropped Mr. Kluska onto the ground.

---

[1] As Appellants noted in their opening brief, many of these authorities discuss the use of excessive force in prisons and jails, but their conclusions remain applicable here. The Fourth, Eighth and Fourteenth Amendments all provide protection against excessive force, depending on the setting. *See Jacobs*, 8 F.4th at 194. *Jacobs* itself was an Eighth Amendment case arising from an attack on a prisoner. *See id.* But for excessive force claims, no matter the context, a court "exclusively employs an objective-reasonableness standard" set out by the Supreme Court in *Graham v. Connor*. *Id.*

App. Vol. II at 103, 105. This constitutional violation could hardly have been more clearly established.

## CONCLUSION

The district court granted summary judgment for the officers only by improperly crediting their own exculpatory accounts. The unprovoked and violent attacks that the appellants described at the hand of the officers constituted obvious and egregious constitutional violations. The officers can dispute these accounts, but they must do so at trial. The judgment below should be reversed.

April 17, 2023

Respectfully,

/s/ Caleb Kruckenberg
CALEB KRUCKENBERG

/s/ Brian J. Zeiger
BRIAN J. ZEIGER
Levin & Zeiger, LLP
1500 JFK Blvd Suite 620
Philadelphia PA 19102
215-825-5183
zeiger@levinzeiger.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this document complies with Federal Rule of Appellate Procedure 32(a)(7)(B)(ii). It is printed in Century Schoolbook, a proportionately spaced font, and includes 3742 words, excluding items enumerated in Rule 32(f)). I relied on my word processor, Microsoft Word, to obtain the count.

I hereby certify that all required privacy redactions have been made, any required paper copies to be submitted to the Court are exact copies of the version submitted electronically, and the electronic submission was scanned for viruses with the most recent version of a commercial virus scanning program, and is free of viruses.

Respectfully,

*/s/ Caleb Kruckenberg*
CALEB KRUCKENBERG

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Respectfully,

*/s/ Caleb Kruckenberg*
CALEB KRUCKENBERG

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to 3d Cir. L.A.R. 28.3(d) I hereby certify that I am a member of the Third Circuit bar.

Respectfully,

*/s/ Caleb Kruckenberg*
CALEB KRUCKENBERG